By the Court—Pierrepont, J.
The questions for consideration are: First, whether the defendant has shown a discharge under the insolvent laws of Massachusetts, by competent evidence ?
And second, whether such discharge, if proved, is a bar to this action ?
We have very grave doubts whether any discharge has been shown by legal proofs. But conceding the discharge to have been established, as claimed by the defendant, we think such discharge no bar to this action. The note was negotiable; and payable at no particular place. It was drawn to the makers’ order; by them indorsed in blank and put into the market, in payment for goods. It passed to the plaintiff, (a resident of Hew Hampshire,) before due, in the regular course of business, and for value. It was not a contract to be performed at any particular place. It was a contract to pay the holder, wherever such holder might reside, at its maturity. If the maker, after default in payment, had been found in Hew Hampshire, he could have been sued there. He was found in Hew York and is sued here. (Braynard v. Marshall, 8 Pick., 194; Savage v. Marsh, 10 Met., 594.)
He pleads a discharge from his debts under the insolvent laws of Massachusetts, to which discharge, or to any proceedings therewith connected, the plaintiff has never been a party. On *59 the principle of comity between the States, our courts are asked to recognize this discharge as a good plea in bar to the action. I think it quite clear, from several decided cases, that if this suit were before the courts of Massachusetts, this discharge would not avail the defendant. (Dinsmore v. Bradley, 5 Gray, 487; Houghton v. Maynard, 5 id., 552; Savage v. Marsh, 10 Met., 594; Braynard v. Marshall, 8 Pick., 194.)
It would then be something more than comity, for our courts to give effect to a Massachusetts discharge, which the courts of that State would not.
Since the case of Donnelly v. Corbett, in which Judge Gardiner delivered the opinion of the Court of Appeals, (3 Seld., 500,) the question as to the effect of a discharge under an insolvent law of a sister State, has been considered settled in" New York. Corbett, a resident of South Carolina, purchased goods of Donnelly, a merchant of New'York, and gave his note for the price, payable eight months after date, at the Bank of South Carolina, in Charleston. The note was dishonored, and Donnelly recovered judgment in the State of South Carolina; a ca. sa. was issued upon the judgment, and Corbett was imprisoned. Subsequently he obtained a discharge from imprisonment, and from his debts, under the insolvent laws of South Carolina, which were passed in 1759, and perpetuated in 1783. Some two years after the discharge, Donnelly commenced suit upon the judgment, by attachment, issued out of the Supreme Court of this State. Corbett pleaded his discharge in bar. The Court held that the discharge was no bar to this action, although the place of the performance of the contract was in South Carolina, and although the law of that State, under which the discharge was granted, had been in force more than fifty years before the debt was contracted.
Judgment must be entered for the plaintiff, with costs.
Judgment accordingly.[1]

 See Robinson’s Practice, Title “Effect of discharge under Insolvent or Bankrupt Law,” vol. 1, p. 89.